In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-294 CV


____________________



IN RE: THE COMMITMENT OF GEORGE CORLISS






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 01-09-05912-CV






MEMORANDUM OPINION



 The State of Texas filed a petition to civilly commit George Corliss as a sexually
violent predator. See Tex. Health & Safety Code Ann. §§ 841.001-841.147 (Vernon
Supp. 2003). A jury found that Corliss suffers from a behavioral abnormality that makes
him likely to engage in a predatory act of sexual violence. The trial court entered a final
judgment and order of civil commitment from which Corliss appeals. Corliss raises four
issues.

 In issue one, Corliss argues the sexually violent predator statute is unconstitutional
because it is punitive in nature and violates basic constitutional safeguards. We recently
considered and rejected this argument in Beasley v. Molett, No. 09-01-078 CV, 2002 Tex.
App. LEXIS 8967, at *35-39 (Tex. App.--Beaumont Dec. 19, 2002, no pet. h.) (citing
Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997)). Issue one
is overruled.

 In issue two, Corliss maintains the State failed to prove he has serious difficulty in
controlling his behavior. The State responds that Corliss did not preserve the issue. At
trial, Corliss made a motion for directed verdict in which he claimed the evidence was not
conclusive and the experts did not agree on whether Corliss would reoffend in a sexually
violent manner. We conclude Corliss's motion was sufficient to preserve the issue for
appellate review. 

 The United States Supreme Court in Kansas v. Crane, 534 U.S. 407, 413, 122
S.Ct. 867, 151 L.Ed.2d 856 (2002), stated that before a person can be civilly committed
as a sexually violent predator, there must be "proof of serious difficulty in controlling
behavior." Addressing appellant's issue as a legal sufficiency challenge and employing
the standard of review derived from criminal cases, we determine whether a rational
factfinder could have found beyond a reasonable doubt that Corliss has serious difficulty
in controlling his behavior. See In re Commitment of Mullens, No. 09-01-534 CV, 2002
Tex. App. LEXIS 8962, at *6; see Tex. Health & Safety Code Ann. § 841.062
(Vernon Supp. 2003). We review all of the evidence in a light most favorable to the
verdict. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979). 

 Dr. Rahn Bailey, a forensic psychiatrist, diagnosed Corliss with a behavioral
abnormality, as defined by the statute, and concluded Corliss is likely to reoffend. 
Although Bailey indicated he did not specifically assess Corliss's ability to control his
behavior, Bailey correctly pointed out that the statute itself has a volitional component. 
Dr. Bailey diagnosed Corliss as a pedophile who is likely to engage in future acts against
children; Bailey explained that pedophilia refers to individuals whose sexualized thoughts
and activities are focused upon younger children. Dr. Bailey based his opinion and report
on a clinical interview of Corliss, psychological tests taken by Corliss and evaluated by
Bailey, and Corliss's criminal history. The sexual offense history included prior
convictions for sexual offenses against female children: indecency with a child, indecent
exposure to an eight year old, and molestation of a seven year old.

 Dr. William Reid expressed the opinion that Corliss is a pedophile who has poor
impulse control with regard to exposing himself and fondling children. Reid explained that
Corliss had indicated a willingness to participate in a sex offender program and
acknowledged he has tendencies he needs to control. In Dr. Reid's opinion, if Corliss is
around children and has the opportunity to commit a sexual offense without fear of getting
caught, Corliss is likely to commit such an act again. 

 Dr. Branaman, a psychologist, agreed that Corliss is a pedophile with a behavioral
abnormality and that he is likely to reoffend. Branaman indicated it was not clear,
however, whether Corliss has chosen to engage in illegal behavior or whether he has a
control issue. 

 George Corliss testified at trial. He acknowledged two of the prior convictions for
sexual offenses, but denied he committed the 1997 indecency with a child conviction, even
though he pleaded guilty to the offense. Corliss also acknowledged he is sexually attracted
to children. He testified, "There are occasional times [when he is attracted to children],
but usually it depends on them . . . how they act and so forth." "[T]here are some things
they can do that . . . encourage me." He further testified, "They [children] can affect me,
but I am hoping that I can get the help where I can overcome that." In response to the
State's attorney's question as to whether the young girls consented in some way to his
sexual advances, Corliss responded: "[M]ost of the time it was positive . . . that they did
respond favorably." Corliss admitted to writing a poem describing explicit sexual acts
between children and saving the poem for thirty years. 

 The jury is the sole judge of the credibility of the witnesses and the weight to be
given their testimony. See Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994);
see also Jones v. Tarrant Util. Co., 638 S.W.2d 862, 866 (Tex. 1982). Drs. Reid and
Branaman disagreed with Dr. Bailey on his assessment of some of Corliss's answers on
the psychological tests. The jury may resolve conflicts and contradictions in the evidence
by believing all, part, or none of the witnesses' testimony. See Losada v. State, 721
S.W.2d 305, 309 (Tex. Crim. App. 1986); see also Harker v. Coastal Eng'g, Inc., 672
S.W.2d 517, 520 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.). Based on a review
of the evidence in the light most favorable to the verdict, we conclude a rational factfinder
could have found beyond a reasonable doubt that Corliss has serious difficulty controlling
his behavior.

 In issue three, Corliss contends the statute and the "final judgment and order of
commitment" are unconstitutionally vague. He complains specifically of Tex. Health &
Safety Code Ann. § 841.082 (a)(4)(5)(9) (Vernon Supp. 2003). We recently considered
and rejected this argument. See Beasley, 2002 Tex. App. LEXIS 8967, at *42. Issue
three is overruled.

 In issue four, Corliss argues that his "Fifth Amendment privilege against self-incrimination was violated when the court ordered [him] to submit to polygraph
examinations as a condition of civil commitment." Corliss failed to preserve this claim for
appellate review, as required by Tex. R. App. P. 33.1. See Dreyer v. Greene, 871 S.W.2d
697, 698 (Tex. 1993). Moreover, we note this argument was also rejected in Beasley,
2002 Tex. App. LEXIS 8967, at *44-45. Issue four is overruled. 

 The judgment and order of the trial court are affirmed.

 AFFIRMED. 

 PER CURIAM


Submitted on February 11, 2003

Opinion Delivered February 20, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.